UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARDENIA M. DORADO-OCASIO )<br>20079 STONE OAK PARKWAY )<br>SAN ANTONIO, TX 78258 )<br>                                                    )<br>       PLAINTIFF,                           )<br>                                                    )<br>   v.                                             )<br>                                                    )<br>THE HONORABLE CHRISTINE E. WORMUTH )<br>SECRETARY OF THE ARMY          )<br>101 ARMY PENTAGON                  )<br>WASHINGTON, D.C. 20310,          )<br>                                                    )<br>       DEFENDANT.                       )<br>                                                    )<br>ALSO SERVE:                                )<br>                                                    )<br>1. JESSICA D. ABER                       )<br>   THE UNITED STATES ATTORNEY FOR )<br>   THE EASTERN DISTRICT OF VIRGINIA )<br>   2100 JAMIESON AVENUE           )<br>   ALEXANDRIA, VA 22314              )<br>                                                    )<br>       AND                                      )<br>                                                    )<br>2. MERRICK B. GARLAND              )<br>   THE ATTORNEY GENERAL OF THE )<br>   UNITED STATES                         )<br>   950 PENNSYLVANIA AVENUE, NW )<br>   WASHINGTON, D.C. 20530-0001 )  | CASE NO. 1:23-cv-595 |

## COMPLAINT

This is a complaint for declaratory judgment to declare the decisions of the Army Board for Correction of Military Records (ABCMR) denying relief to Plaintiff to have been in error through ABCMR Docket number AR20210014068.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

## VENUE

2. Venue is proper as the Defendant is found in this District.

## PARTIES

3. Captain Ocasio is a Soldier serving on active duty in the United States Army. She currently resides in Hinesville, Georgia.

4. Defendant, The Honorable Christine Wormuth, in her official capacity is the Secretary of the Army.

## FACTS

5. On December 18, 2019, Plaintiff made a sexual harassment allegation involving the battalion sergeant major alleging he would rub her shoulders in an inappropriate manner.

6. On Christmas, one week after her sexual harassment claim, on December 25, 2019, an AR 15-6 Investigation was ordered into allegations that CPT Dorado-Ocasio had an inappropriate relationship with MAJ J.S.

7. On February 13, 2020, Plaintiff reported to U.S. Army Criminal Investigation Command that her rater – Lieutenant Colonel H – ordered her to falsely report equipment as stolen.

8. On May 3, 2020, Plaintiff received the referred OER for the period ending May 11, 2020.

9. The rater made negative comments regarding her character and presence alleging she engaged in reprisal and retaliatory behaviors against subordinates, demonstrated poor leadership presence and toxic or inconsistent leadership behavior, caused a perception of an inappropriate relationship, and violated billeting policy.

10. On August 19, 2020, Plaintiff responded to the OER noting that her rater was conflicted from providing an evaluation because he was under investigation.

11. Plaintiff also noted that the referred OER ignored two positive command climate surveys and relied on statements of 5 out of 20 Soldiers.

12. On or about July 19, 2021, Plaintiff applied to the Army Board for Correction of Military Records. Plaintiff alleged that the contested evaluation report was factually incorrect, contained unproven derogatory information in violation of Army Regulation 623-3, paragraph 3-23 (c), was reprisal because she reported the sergeant major for sexual harassment, and did not fairly reflect an assessment of her performance under Army Regulation 623-3, paragraph 1-9 (c).

12. On June 23, 2022, Captain Ocasio was notified of final agency action.

13. The Army Board for Correction of Military Records, without serious discussion, dismissed Plaintiff's contentions that the evaluation report was reprisal for her alleging sexual harassment by the sergeant major.

## CAUSE OF ACTION

14. The 2022 ABCMR denial of Plaintiff's request for removal of the DA Form 67-10-1 Officer Evaluation Report for the period December 20, 2019 through May 11, 2020 from her Army Military Human Resource Record (AMHRR) violated the Administrative

Procedure Act as arbitrary and capricious agency action, was unsupported substantial evidence, not in accordance with the law and Army regulation, or otherwise constituted an injustice.

PRAYER FOR RELIEF

15. WHEREFORE, Plaintiff respectfully requests that:

    This Honorable Court order removal of the DA Form 67-10-1 Officer Evaluation Report for the period December 20, 2019, through May 11, 2020 from Plaintiff's Army Military Human Resource Record (AMHRR).

    This Honorable Court order consideration for promotion by a Special Selection Board.

    This Honorable Court grant such other relief as deemed appropriate.

Respectfully submitted,

*/s/ Brian Pristera*

BRIAN PRISTERA
Counsel for Plaintiff
Virginia Bar # 90253
20079 Stone Oak Parkway
Suite 1105-506
San Antonio, TX  78258
Ph:  210-934-8265
Email: conway@militaryattorney.com
Fax: 210-783-9255